**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0777-17T3
                A-2184-17T3

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

      Plaintiff-Respondent,

v.

D.V.,

      Defendant-Appellant,

and

A.W.,

      Defendant.

_____

IN THE MATTER OF C.V.,

      a Minor.

_____

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

      Plaintiff-Respondent,

v.

S.H.,

    Defendant,

and

A.A.,

    Defendant-Appellant.

_____

IN THE MATTER OF Y.A.,

    a Minor.

_____

Argued December 5, 2018 – Decided January 11, 2019

Before Judges Alvarez, Reisner and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket Nos. FN-02-0213-16 and FN-02-0079-17.

Clara S. Licata, Designated Counsel, argued the cause for appellants (Joseph E. Krakora, Public Defender, attorney; Clara S. Licata, on the briefs).

Peter D. Alvino, Deputy Attorney General, argued the cause for respondents (Gurbir S. Grewal, Attorney General, attorney; Jason W. Rockwell, Assistant Attorney General, of counsel; Peter D. Alvino, on the brief in A-0777-17; Victoria Kryzsiak, Deputy Attorney General, on the brief in A-2184-17).

Nancy P. Fratz, Assistant Deputy Public Defender, argued the cause for minors (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Nancy P. Fratz, on the briefs).

PER CURIAM

In these consolidated cases, defendants A.A. and D.V. appeal from Family Part orders permitting the Division of Child Protection and Permanency (Division) to withdraw its Title 9 complaint, based on the Division's administrative finding that the charges against each defendant were "established" rather than "substantiated." See N.J.A.C. 3A:10-7.3(c). In each appeal, defendant argues that the Family Part should have held a fact finding hearing at which defendant could contest the established finding. In both cases, the Family Part judge reasoned that a defendant was not entitled to an evidentiary hearing to contest an established finding.

We affirm the orders on appeal.[1] However, the Family Part orders predated our opinion holding that a defendant is entitled to an administrative hearing to contest an established finding. See N.J. Div. of Child Prot. & Permanency v. V.E., 448 N.J. Super. 374 (App. Div. 2017). In the interests of justice, we deem each defendant's notice of appeal amended to include the

---

[1] In A.A.'s case, the order is dated December 8, 2016. In D.V.'s case, the order is dated August 25, 2016.

3

A-0777-17T3

Division's established finding and we summarily remand both matters to the Division with direction to promptly afford each defendant an administrative hearing.

V.E. makes clear that a defendant is entitled to an administrative hearing to contest an established finding, and that the Family Part need not keep the Title 9 case open solely to permit a defendant to contest an established finding. Id. at 403-04. On this appeal, defendants raise a plethora of arguments supporting an asserted right to a fact finding hearing in the Family Part. Among other things, they contend that an administrative hearing is an inadequate remedy, because a defendant is not entitled to court-appointed counsel at an administrative hearing. The Law Guardian also contends that the trial judge should conduct a fact finding hearing, so that the child's interest can be represented by the Law Guardian in that hearing. Neither defendants nor the Law Guardian raised those issues in the trial court, and we decline to address them for the first time on this appeal.[2] See N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 339 (2010).

---

[2] In D.V.'s case, the Law Guardian told the trial judge that "the Law Guardian doesn't take a position [on the fact finding hearing]. It doesn't impact this child."

In fact, with respect to the appeals from the Family Part orders, we conclude that in both of these cases, the issue is moot, because the Title 9 and Title 30 complaints have been dismissed. Moreover, defendants and the Law Guardian are asking this court to address issues they could have raised in the trial court. Specifically, in A.A.'s case, the trial court denied his request for a fact finding hearing on December 8, 2016. V.E. was decided on February 1, 2017. Thereafter, between April 4, 2017 and December 7, 2017, the trial court conducted four hearings in A.A.'s case. If A.A. or the Law Guardian believed that an administrative hearing would be inadequate to protect his ability to contest the established finding, they had multiple opportunities to ask the trial court to revisit the issue and hold a fact finding hearing. They did not. Likewise in D.V.'s case, there were three Family Part hearings after V.E. was decided, but D.V. and the Law Guardian did not ask the Family Part judge to revisit her prior ruling.

As significantly, nothing in the facts of either case suggests that holding a fact finding hearing, when the Division withdrew the Title 9 complaint, would have changed the outcome of the remaining Title 30 complaint for care and supervision. See N.J.S.A. 30:4C-12. In each of these cases, the defendant parent temporarily lost custody of a child due to unfitness, and the child was placed in

5

the sole physical custody of the other parent. When the Division withdrew its Title 9 complaints, neither defendant had recovered sufficiently to warrant regaining physical custody of the child.

While A.A. denied that he caused his son to be abused or neglected, he did not deny the underlying facts that were essential to the Title 30 supervision case. A.A. did not deny that he collapsed from a heroin overdose at home, in front of the son, although he contended that the child was not endangered because the mother was present. A.A. did not deny that he kept heroin and drug paraphernalia in the house, but he denied that it was readily within the child's reach. Most importantly, however, A.A. did not deny that he was addicted to heroin, crack and Suboxone, and his addiction rendered him unable to safely care for his son without supervision. Fortunately, by the end of the Title 30 case, A.A. had successfully engaged in treatment for his drug addiction and depression, he was able to return home, and the trial court dismissed the Title 30 complaint. Sending A.A.'s case back to the trial court to hold a fact finding hearing now would not change the result.

In D.V.'s case, the child was placed in the father's custody, due to D.V.'s persistent issues with substance abuse. Although D.V. was also accused of committing domestic violence against her mother, those incidents only affected

6

whether the mother could supervise D.V.'s visits with the child. While D.V. asked for a fact finding hearing, she did not contest that her substance abuse issues made her unable to safely parent the child. In fact, at a subsequent hearing on March 24, 2017, her attorney told the judge "we understand why [the child] needed to be removed and my client's not debating that." Counsel also stated that defendant "has just recently started . . . to get her life back in order."

In summary, we find no abuse of the trial judge's discretion in permitting the Division to withdraw its Title 9 complaints without a fact finding hearing. However, the trial judge did not have the benefit of our decision in V.E. at the time the orders on appeal were entered. While we affirm both of those orders, in the interests of justice we deem the notice of appeal in each case to be amended to include the Division's established finding. We summarily remand both cases to the Division with direction to give each defendant the administrative hearing required by V.E. The Division shall transmit each case to the Office of Administrative Law within two weeks of the date of this opinion.

Affirmed as to the Family Part. Remanded as to the Division of Child Protection and Permanency.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0777-17T3